## IN RE SWARTZ.

[No. 11,219.   Filed January 5, 1922.]

MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Fifty Per Cent. Permanent Disability.*—*Compensation.*—Compensation for injuries resulting in fifty per cent. permanent disability is not limited to $2,500 by §40 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918),

providing that the total compensation payable shall not exceed $5,000, the amount named in such section not being intended to serve as a primary basis for the determination of compensation to be paid under any of the provisions of the act.

From the Industrial Board of Indiana.

Proceedings in the matter of one Swartz under the Workmen's Compensation Act. Certified question of law by the Industrial Board. *Questions answered.*

BATMAN, P. J.—Under the provisions of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, the Industrial Board has certified to this court the following facts:

"On and prior to the 9th day of February 1920 one Gus Swartz was in the employment of 'A' at an average weekly wage of $26.88; that on said date he received a personal injury by an accident arising out of and in the course of his employment, of which 'A' had actual knowledge at the time; that said injury was received by the said Swartz by falling a distance of approximately forty-five feet, alighting on a concrete floor; that there was a compound, comminuted fracture of the right leg at the ankle joint. The left arm was broken at the wrist; there were severe bruises at the lower part of the spinal column, with probably a fracture of two vertebrae; severe injury to the left side of the chest and a very severe injury on the left side of the head; that the plaintiff's injuries have impaired his equilibrium so that he is staggery and unsteady on his feet; that said injuries have resulted in a 50% permanent disability, that is the plaintiff has permanently lost 50% of his ability to work and earn wages; that all the foregoing facts are admitted by the employer."

Based on these facts, the Industrial Board has submitted the following question: "Would an award of 250 weeks compensation to Gus Swartz be according to law?"

It appears that the foregoing facts were certified and the question based thereon was submitted, in order to have this court determine whether the compensation of the injured employee is limited to a maximum of $2,500 by reason of §40 of the Workmen's Compensation Act, Acts 1915 p. 392, *supra*. We are of the opinion that his compensation is not so limited. It is clear to us that the provision of said section, "That the total compensation payable under this act shall in no case exceed five thousand dollars," was not intended to serve as a primary basis for the determination of the compensation to be paid under any of the provisions of said act, but was intended to serve as a limitation only. To hold that it is applicable to a case like the one under consideration would result in making it limit the compensation of employes in many instances, whose compensation fall far short of the maximum specified. If it be said that to so hold will result in some instances in inequalities of compensation in cases of total permanent impairment, and permanent partial impairment, our answer is that this is a matter of legislative rather than judicial consideration. We answer the question submitted in the affirmative.