## CONSTANTIN REFINING CO. et al. v. CROCKETT et al.

No. 13034—Opinion Filed July 18, 1922.

(Syllabus.)

### Master and Servant—Workmen's Compensation—Right to Award—Effect of Award for Previous Injury.

Under subdivision 6 of section 6, article 2, Session Laws of 1915, known as the "Workmen's Compensation Law," the State Industrial Commission is authorized to award compensation to an injured employe for injuries arising under the provisions of the Workmen's Compensation Law, limited only by the maximum amount provided in the schedule of the act, regardless of the fact that the employe had been awarded compensation for a previous disability, which had been commuted to a lump sum and paid by the employer; and this is true where the employer was the same person at the time both injuries were received by the employe. Held, that the Industrial Commission did not err in the instant case in refusing to credit the award by the amount paid by the employer as compensation to the employe for a previous disability.

Error from State Industrial Commission.

Action by the Constantin Refining Company and another to review award of workman's compensation made to Jess W. Crockett. Affirmed.

Moss & Owen, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

JOHNSON, J. This proceeding in error has been regularly commenced in this court to review an award of the Industrial Commission of this state, which is as follows:

"Now on this 17th day of January, 1922, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleges occurred to him while in the employment of the Constantin Refining Company on the 4th day of August, 1921, at Tulsa, Okla., and the commission having considered the testimony taken at a regular hearing at Tulsa, Okla., on the 29th day of November, 1921, before a member of the commission, at which hearing the claimant appeared in person and by his attorney, W. B. Richards, and the respondent and insurance carrier were represented by H. N. West, and having examined all the records on file in said cause and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That the claimant herein was in the employment of the Constantin Refining Company, and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of

said respondent and in the course of his employment received an accidental injury on the 4th day of August, 1921;

"(2) That as a result of said injury the claimant was temporarily totally disabled from performing his work from August 4, 1921;

"(3) That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period.

"(4) That the claimant's average wage at the time of his injury was $6.07 per day.

"The commission is therefore of the opinion: That by reason of the aforesaid facts the claimant is entitled under the law to compensation at the rate of $17.50 per week, beginning August 4, 1921, and continuing weekly until the termination of disability, or until otherwise ordered by the commission.

"It is therefore ordered: That within ten days from this date the Constantin Refining Company, or the Aetna Life Insurance Company, pay to the claimant compensation at the rate of $17.50 per week, beginning August 4, 1921, and continuing weekly until the termination of disability, or until otherwise ordered by the commission, and also pay all medical expenses incurred by said claimant as a result of said accident."

The petitioners' specifications of error are as follows:

"(1) It appears from the records of the State Industrial Commission that previously to the injury for which the award sought to be reviewed was made, the same claimant had been injured while in the employment of the petitioner, and had been awarded compensation for three hundred weeks at $10 per week, that after making such award the commission had entered an order requiring the Constantin Refining Company and the Aetna Life Insurance Company to pay such award in a lump sum, which was $2,295.10, which the petitioner paid. That said award requiring said lump sum settlement was made on the 8th day of December, 1920, at which time there remained 246 weeks of compensation to be paid out of the 300 weeks originally ordered.

"That in the present award sought to be reviewed, the commission awarded the maximum amount provided by law, which was $17.50 per week, to continue until the termination of the claimant's disability, or until otherwise ordered by the commission, and the commission refused to give the petitioner any credit on account of the lump sum settlement, and erred in not allowing a credit of $10 per week upon the award of $17.50 per week, during the claimant's disability and until the time when the petitioner would have ceased to make the $10 weekly payments under the original claim.

if the compensation awarded on account of the first injury had not been commuted into a lump sum.

"(2) The commission erred as a matter of law in not allowing the petitioner a credit of $10 per week upon the weekly payments awarded to the claimant during the time petitioner would have been paying the claimant $10 a week under his former award, if such former award had not been commuted into a lump sum by order of the commission."

There is but one question of law involved herein. The contentions of counsel for petitioners are clearly stated in their brief as follows:

"We think under the law it is impossible for the claimant to receive more than $18 per week at any one time, no matter how many times he may suffer partial disability.

"We think the commission erred as a matter of law in refusing to give credit on account of the $10 weekly payments, which results, as we see it, in the claimant, by reason of the last award, in fact receiving $27.50 per week, whereas the maximum provided by law is $18 per week."

While the Industrial Commission made no conclusions of fact, except that the claimant was in the employment of the respondent, Constantin Refining Company, and was engaged in a hazardous occupation and while in such employment, and in the course thereof, the claimant received an accidental injury on August 4, 1921, as a result of which he was temporarily totally disabled from performing his work, the undisputed facts, as set out in the briefs of counsel for the parties, are stated as follows:

"This is an action wherein the petitioners have appealed from an order of the State Industrial Commission making an award of seventeen and fifty-one hundredths dollars ($17.50) per week during the disability of the respondent herein, Jesse W. Crockett, for injuries received while in the employ of the Constantin Refining Company on the 4th day of August, 1921, at Tulsa, Okla.

"Jesse W. Crockett sustained a previous injury on the 26th day of June, 1919, while in the employ of the Constantin Refining Company. The Aetna Life Insurance Company was the insurance carrier in each instance. A lump sum award was made in the former case on the 8th day of December, 1920, by agreement of all parties concerned. The award was made by order duly entered upon the records of the commission. No appeal was taken from this order by the petitioners herein.

"Jesse W. Crockett later returned to employment for the same company and was so

employed at the time of his second injury, receiving wages in the sum of thirty-five dollars ($35.00) per week.

"The question raised herein is that the petitioner should be allowed a credit of ten ($10.00) dollars per week on the compensation for the second injury because of moneys paid in the lump sum award for the prior injuries under the theory that the payments, if they had not been commuted to a lump sum, would be continuing and would continue for an extended period of time, and that the petitioners should be given credit on the present award in the sum of ten ($10) dollars per week so long as the payments would continue. This question was presented to the commission at the hearing for compensation for the second injuries, but was denied.

"The facts surrounding the lump sum settlement in the previous case were considered with the facts in the second injury by the commission. With all these facts before it, the commission on the 8th day of December, 1920, found that the respondent herein was entitled to compensation, (for seventeen and fifty one-hundreth ($17.50) dollars per week during disability from the second injury, and ordered the petitioners herein to pay the same."

Subdivision 6 of section 6, article 2, page 246, Session Laws 1915, under the title, "Previous Disability," provides as follows:

"The fact that an employe has suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury, but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury."

We think the foregoing provision is plain, unambiguous, and means what it says, and when we attribute such meaning to it,. it renders the contention of the petitioners herein untenable. Counsel for petitioners say in their brief in reference to this provision as follows:

"This provision is to the effect that the fact that an employe has suffered previous disability shall not preclude him from compensation for a later injury. We do not contend herein that the claimant is precluded from making a claim for compensation for his present injury. We think he is entitled so to do, but we think the commission erred as a matter of law in refusing to allow the petitioner credit for the $10 per week, which in reality the claimant was receiving at the time of this injury, and is now receiving, and will continue to receive for a long time yet to come. To allow such credit of $10 per week to be deducted would

not operate to preclude the claimant from compensation, but merely modify the amount to which he would now be entitled but for the lump sum compensation paid for the previous injury."

Counsel further say in their brief that:

"We have found no case which throws any light upon a determination of the question involved, but we believe that under the provisions of he Workman's Compensation Act the petitioner was entitled to the credit of $10 per week on account of the previous award, during the time the same would have been paid if such award had not been commuted into a lump sum pursuant to an order of the commission with which the petitioner was bound to comply."

We know of no authority to sustain counsel's contention, and to so hold, it seems to us, would do violence to the quoted provision of the act, supra, awarding the compensation provided in the schedule of the act for a subsequent injury, such sum as will reasonably represent his earning capacity at the time of the later injury, and that the fact that the employe had suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury.

We think it must be conceded that if the personnel of the employer had changed, prior to the time the employe received the subsequent injury, it could not be insisted that the employer, against whom compensation was awarded to the employe, would be entitled to be credited on the award for the amount paid by the other employe for the previous injury; and if this be true, and the statute makes no exception in favor of the employer at the time of the subsequent injury who remains the same, then it seems clear to us that no exception exists, the law makes none, and the commission was without authority · to read such exception into the law. Hence, it follows that the commission was without authority to make the credit insisted upon by the peitioners. Finding no error in the record, the order of the commission is affirmed.

McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.