THE CHICAGO BRIDGE AND IRON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH MIHELITS, Defendant in Error.)

*Opinion filed April 24, 1925.*

WORKMEN'S COMPENSATION—*compensation is payable for loss of eye notwithstanding previous injury.* The compensation provided in item 16 of paragraph (*e*) of section 8 of the Compensation act for the loss of sight of an eye is payable notwithstanding the same eye had been previously injured and compensation had been paid for the loss of ninety per cent of its use; and it is immaterial whether such compensation was paid by the same or another employer.

DEYOUNG, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

JOHN CLARK BAKER, for plaintiff in error.

TIMOTHY F. MULLEN, and THOMAS B. LANTRY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The award being reviewed by this writ of error is for the loss of the sight of an eye. It is admitted that this award would be correct if it were not for the fact that de-

fendant in error has received compensation for the permanent loss of ninety per cent of the use of the same eye resulting from another injury incurred three years before while in the employ of the same company. Plaintiff in error contends that because only ten per cent of vision remained its liability is limited to a payment for the loss of that fraction.

Item 16 of paragraph (e) of section 8 of the Workmen's Compensation act provides that the employee shall receive "for the loss of the sight of an eye or for the permanent and complete loss of its use fifty percentum of the average weekly wage during one hundred weeks." There is no requirement in the act that the eye be perfect, nor is there any provision for reducing the amount of compensation in the proportion the vision is defective. The compensation fixed by the act is for the loss of a member of the body, and the same compensation is due and payable whether the eye lost is the eye of a youth or of an old man, an eye with perfect vision or one imperfect by reason of natural defects or a previous injury. (*Hessley* v. *Minneapolis Steel Construction Co.* (Minn.) 195 N. W. 274; *Industrial Com.* v. *Johnson*, (Colo.) 172 Pac. 422; *Purchase* v. *Grand Rapids Refrigerator Co.* (Mich.) 160 N. W. 391.) Our decision in *Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620, is conclusive of the question here presented. In that case the employee received a compensable injury to his hand and later he suffered an injury which caused the loss of the same hand. In affirming an award for compensation for the loss of the use of the hand we said: "Though the defendant in error had previously lost a part of one finger he had the use of his hand, with a capacity somewhat reduced by reason of the defect. The fact that his hand was not perfect did not render its loss any less complete. As the result of his injury he has totally lost the use of the hand which he previously had, and under the statute he is entitled to compensation for that loss. The fact that he might have

recovered for the first injury did not reduce the amount of compensation to which he is entitled for the loss of the use of his hand." The fact that the same employer has paid compensation to the injured employee for a loss arising out of another injury has no bearing on the amount of compensation to be paid for the loss arising out of this injury, (*Constantin Refining Co.* v. *Crockett*, (Okla.) 208 Pac. 788,) and the same rule applies where the payments for the first injury were made by a different employer. (*Wareheim* v. *Melrose Granite Co.* (Minn.) 201 N. W. 543.) A sightless eyeball is not an eye, as that term is used in the act, and an award for a disability caused by an injury which required the removal of a sightless eyeball would be made under paragraph (*c*) and not paragraph (*e*) of section 8. It is conceded that defendant in error had at least ten per cent of vision when he received his last injury, which necessitated the removal of the eyeball,—that is, he could see with his defective eye at a distance of twenty feet what a person with normal vision could see at a distance of two hundred feet. For many purposes this amount of vision was as useful to plaintiff in error as normal vision. It is impossible for any human agency to measure the value to an individual of the last ten per cent of vision remaining in his eyes. Whether the defect in vision is caused by disease or accident or is natural, the reduced amount of vision is all the vision the individual has, and when it is destroyed the use of his eye is destroyed. The legislature has fixed an arbitrary amount to be paid as compensation in such cases, and that amount is due and payable whenever a functioning eye is lost, though the eye may be infirm.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DEYOUNG, dissenting.