HOLLERBACK v. BLACKFOOT COAL CORPORATION.

[No. 17,132.  Filed July 16, 1943.]

*Thomas J. Gallagher,* of Sullivan, for appellant.

*Cooper, Royse, Gambill & Crawford,* of Terre Haute, for appellee.

DRAPER, J.—The facts in this case were stipulated and are briefly as follows: On February 15, 1936, appellant suffered injuries to his left leg in an accident arising out of and in the course of his employment by the appellee whereby he sustained a 54% permanent partial impairment to the man as a whole, for which he received and was paid compensation for 270 weeks in the total sum of $3,601.76. He returned to work for the appellee and on October 5, 1940, suffered injuries to his head and cervical region in an accident arising out of and in the course of his employment. Thereafter an agreement was approved whereby the appellee agreed to pay compensation at a weekly rate based on appellant's wages until terminated in accordance with the provisions of the Workmen's Compensation Act. Pursuant thereto the appellee paid compensation amounting to $1,381.60 and tendered $16.64 in addition which the appellant refused to accept, the total paid

and tendered being $5,000.00. The appellant has been temporarily totally disabled since October 5, 1940, as the result of the injuries received on that date.

Appellee contends that having paid or tendered the sum of $5,000.00 to appellant its liability has been fully discharged for the reason that "the Legislature intended the maximum amount of $5,000.00 by way of compensation payments to apply to the case of any individual or claimant who sustains injuries in the course of his employment by the same employer." The full Industrial Board by a majority of its members, found that since the appellant had been paid the sum of $5,000.00 resulting from the two accidental injuries in the employ of the appellee, he has drawn the limit of compensation due him under the provisions of the Act and denied him further payments, although he was still temporarily totally disabled.

Section 29 of the Act (§ 40-1301, Burns' 1940 Replacement) provides as follows: "For injuries causing temporary total disability for work there shall be paid to the injured employee during such total disability but not including the first seven [7] calendar days thereof, a weekly compensation equal to fifty-five [55] per cent of his average weekly wages for a period not to exceed five hundred [500] weeks." The statute thus imposes upon the employer a positive liability for the payment of compensation on account of temporary total disability and unless some other section of the act clearly and positively prohibits such a recovery under the circumstances surrounding this case, the appellant is entitled to compensation during the continuance of his temporary total disability for a period not to exceed 500 weeks, the whole recovery therefor not to exceed the sum of $5,000.00. The appellee contends that the appellant's compensation for

any and all injuries received while employed by the appellee is limited to the sum of $5,000.00 by the terms of § 35 and § 40 of the act. Section 35 of the Act (§ 40-1307, Burns' 1940 Replacement, Vol. 8) provides as follows: "If an employee receives a permanent injury such as specified in section thirty-one [§ 40-1303], after having sustained another permanent injury in the same employment he shall be entitled to compensation for both injuries but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation.

"When the previous and subsequent permanent injuries result in total permanent disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due." This section deals only with *permanent* injuries received by an employee at different times in the same employment and specifically provides that he shall receive compensation for both. When the previous *and* subsequent injuries result in total permanent disability the employee shall receive compensation for total permanent disability, but payments made for the previous injury shall be deducted from the total payment of compensation due. Thus, by the express terms of the act, if an employee should lose the sight of one eye in an accident and receive compensation for 150 weeks therefor, and later return to the same employment and lose the sight of the other eye in another accident, he would receive for the second injury compensation for 500 weeks, from which would be deducted the 150 weeks previously received. The fairness of this provision of the statute is apparent, for in the absence of it an employee thus injured in the same employment would receive but 300 weeks' compensation, being 150 weeks

for the first and an additional 150 weeks for the second. This provision, however, only covers situations where the previous *and* subsequent permanent injuries *combine* to result in total permanent disability. For example, should the same employee, having lost the sight of an eye in an accident and received compensation for 150 weeks therefor, later return to the same employment and lose both feet in another accident, he would be entitled to compensation for 500 weeks without any deduction on account of the previous injury, since he has received injuries resulting in total permanent disability in the later accident independent of the former and not as a result of the two. Likewise, should an employee receive injuries in one accident resulting in total permanent disability and return to the same employment and receive another permanent injury in another accident he would be entitled to compensation for the injuries suffered in the later accident. The section of the statute under consideration expressly entitles him thereto, for the injuries in such case have not combined to cause total permanent disability. The Legislature did not intend that an employee having received injuries resulting in total permanent disability, so-called, should be thereafter valueless as a man so far as compensation is concerned. Let us suppose the case of a workman who has been so unfortunate as to lose both feet under circumstances entitling him to compensation for permanent total disability, which compensation he receives, but who returns to work for the same employer at bench work performable while sitting down. If he thereafter loses a hand in an accident unconnected with the first, thus depriving him of the ability to continue to earn his livelihood, is he entitled to no compensation, while his fellow at the bench who has been so fortunate as never to have

encountered a previous disabling accident, is so entitled? Does this law say to him that since he has been compensated for the lost feet he may not be compensated for the loss of the hand, while his more fortunate brother, doing the same work at the same pay and receiving the same injury may be so compensated? Or, if after losing both feet and receiving compensation therefor, but being nevertheless able to earn a livelihood, he is thereafter temporarily totally disabled in another accident in the same employment, does this law deprive him of compensation therefor, while affording relief to his more fortunate neighbor? If a workman has received, for example, compensation for 200 weeks for temporary total disability and in a later unconnected accident in the same employment loses the sight of both eyes, must the 200 weeks previously received be deducted from the 500 weeks payable for the total loss of sight? Or is the case altered by the fact that the permanent injury precedes rather than follows the temporary total disability? We think not. To adopt appellee's theory of the law would be to answer all of these questions in the affirmative, yet in our opinion to answer any one of them in the affirmative would be to ascribe to the Legislature an intention to enact an economically unsound, inhumane and absurdly reactionary piece of legislation. Such was not its purpose, nor can such purpose be gathered from the provisions of the act.

Nor do we find anything in § 40 of the Act (§ 40-1405, Burns' 1940 Replacement, Vol. 8) which would justify appellee's contention. It reads as follows: "In computing compensation under this act, the average weekly wages of an employee shall be considered not to be more than thirty dollars [$30.00] nor less than sixteen dollars [$16.00]: Provided, That

the weekly compensation payable shall in no case exceed the average weekly wages of the employe at the time of the injury: And, provided, further, That the maximum compensation which shall be paid for an injury, under any provision of the act or under any combination of its provisions shall not exceed five thousand dollars [$5,000] in any case." We do not construe this section to mean, as contended by appellee, that so long as a man shall live and remain in or return to the same employment, he is limited to a maximum of $5,000 in compensation regardless of what industrial misfortunes may befall him. He is limited to that amount for injuries received in any case, that is, in any one accident, but not for any and all injuries suffered during the course of the same employment. The section amended read as follows: "In computing compensation under the foregoing sections, the average weekly wages of an employee shall be considered not to be more than twenty-four dollars nor less than ten dollars; *and Provided further,* That the total compensation payable under this act shall in no case exceed five thousand dollars ($5,000)." (Acts 1915, § 40, p. 404.) It is significant that the Legislature in amending this section, shunned the use of the word "total" in connection with "compensation payable under this act," and instead fixed a maximum amount which could be paid in any case for an injury.

Nor does § 34 (§ 40-1306, Burns' 1940 Replacement, Vol. 8) forbid further recovery in this case. It is intended only to forbid double compensation. It is not intended to deprive a workman of full compensation for permanent injuries received in an unconnected accident following another which has caused permanent injuries, to deprive a workman of full compensation for permanent injuries received in

an unconnected accident following one which has caused temporary partial disability or temporary total disability nor to deprive him of full compensation for injuries received in an unconnected accident causing temporary partial disability or temporary total disability following another which has caused permanent injuries. It is intended only that compensation for the greater non-permanent injury, from the standpoint of the period and amount of compensation payable, shall include compensation payable for the lesser non-permanent injury viewed from the same standpoint. This was the construction given to this section in the case of *In re Denton-Good* (1917), 65 Ind. App. 426, 117 N. E. 520, where it is said that this section applies only when the injury in neither case (former or latter) is a permanent partial injury such as is covered by § 31 of the act.

No section of the act other than those already considered can, in our opinion, be of controlling importance in the consideration of this question. We therefore find nothing in the act authorizing the deduction of the amount received by appellant as the result of his permanent partial impairment from the amount to which he is entitled on account of his temporary total disability received in a later unconnected accident in the same employment. This cause is therefore remanded with instructions to enter an award in favor of the appellant, not inconsistent with this opinion.

NOTE.—Reported in 49 N. E. (2d) 973.