## PRINCETON MINING COMPANY *v.* LINDSAY

[No. 17,331. Filed January 29, 1945. Rehearing Denied March 1, 1945. Transfer Denied June 4, 1945.]

24

*Will H. Hays, Hinkle C. Hayes, Alonzo C. Owens, John S. Taylor, J. Olias Vanier, John T. Hays, Will H. Hays, Jr.,* of Sullivan, for appellant.

*Thomas J. Gallagher,* of Sullivan, for appellee.

ROYSE, J.—Appellant appeals an award of the Industrial Board granting compensation to appellee for permanent partial impairment of the hand below the elbow.

The findings and award of the full Industrial Board are as follows:

"The full Industrial Board of Indiana by a majority of its members, having heard the arguments of counsel, having reviewed all of the evidence in said cause, and being duly advised in the premises therein, now finds: That on December 23, 1932, the plaintiff received an injury from an accident arising out of and in the course of his employment to his right hand below the elbow of which the employer had notice and furnished medical attention; that pursuant to law, the permanent partial impairment of the right hand was adjudicated as 66% permanent partial impairment, for which the plaintiff was paid according to law.

"It is further found that the accidental injury

"It is further found that the plaintiff returned to work in the same employment with the defendant and on August 18, 1942, received an injury to said right hand below the elbow; that the parties entered into a form 12 agreement on September 30, 1942, wherein it was agreed that the plaintiff should receive compensation at the rate of $16.50 per week during total disability not exceeding the period fixed by law beginning September 17, 1942, and that the employer should furnish the necessary and reasonable medical attention required by law; that said agreement was approved by the Industrial Board on December 16, 1942; that pursuant to said agreement, plaintiff was paid total disability compensation payments to and including December 8, 1943, in the amount of $1,056.00.

"That thereafter the question arose as to whether the total disability of plaintiff has ended, and as to the question of the compensation to which plaintiff was entitled arising out of said injury of August 18, 1942.

"It is further found that as a result of said injury of August 18, 1942, the condition of said right hand became such that the hand below the elbow was amputated through approximately the middle of the right forearm or about half way between the elbow and the wrist.

sustained by the plaintiff on the 23rd day of December, 1932, and the accidental injury sustained by the plaintiff on August 18, 1942, together, did not result in a total permanent disability; that at the time of said accidental injury sustained by the plaintiff on the 18th day of August, 1942, the plaintiff had a good industrial right hand; that the accidental injury sustained by the plaintiff on the 18th day of August, 1942, resulted in a loss by amputation of the plaintiff's right arm below the elbow.

"The full Industrial Board of Indiana by a majority of its members now finds for the defendant on its form 14 application filed with the Industrial Board December 15, 1943, that plaintiff's temporary total disability ended and did end on December 8, 1943.

"The full Industrial Board of Indiana by a majority of its members, now finds for the plaintiff and against the defendant on plaintiff's form 14 filed herein that as a result of said accidental injury plaintiff sustained on August 18, 1942, he has suffered a 100% permanent partial impairment to the right hand below the elbow.

## "AWARD

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, by the full Industrial Board of Indiana by a majority of its members, that there be awarded plaintiff as against the defendant, compensation at the rate of $16.50 per week beginning the 18th day of August, 1942, for a period of 200 weeks for a 100% permanent partial impairment to the right hand below the elbow; that the defendant pay all costs, if any, taxed in said cause; that all deferred payments due under this award be brought up to date and paid in cash and a lump sum, the defendant to be given credit against this award in the sum of $1,056.00 paid for temporary total disability on account of the injury received on August 18, 1942."

The sole question presented is the contention of appellant that it should have credit on the 100% award for

the loss of the hand by separation in the injury of August, 1942, for its payment of compensation for 66% loss of the use of the hand as a result of the 1932 accident. Section 31 of the Workmen's Compensation Act, § 40-1303, Burns' 1940 Replacement, provides in part as follows:

"For injuries in the following schedule the employee shall receive in lieu of all other compensation, on account of said injuries, a weekly compensation of fifty-five (55) per cent of his average weekly wages for the periods stated for said injuries respectively to-wit:

"(a) . . . For the loss by separation, of the thumb sixty (60) weeks, of the index finger forty (40) weeks, of the second finger thirty-five (35) weeks, of the third or ring finger, thirty (30) weeks, of the fourth or little finger, twenty (20) weeks, of the hand by separation below the elbow joint two hundred (200) weeks, . . .

"(b) Loss of Use: The total permanent loss of the use of an arm, hand, thumb, finger, leg, foot, toe or phalange shall be considered as the equivalent of the loss by separation of the arm, hand, thumb, finger, leg, foot, toe or phalange and the compensation shall be paid for the same period as for the loss thereof by separation.

"(c) Partial loss of use: For the permanent partial loss of the use of an arm, hand, thumb, finger, leg, foot, toe or phalange, compensation shall be paid for the proportionate loss of the use of such arm, hand, thumb, finger, leg, foot, toe or phalange."

Appellant contends the provisions of Section 33 of the Act, § 40-1305, Burns' 1940 Replacement, require that it be given credit for compensation paid for the first injury. This section provides as follows:

"If an employee has sustained a permanent injury in another employment than that in which he received a subsequent permanent injury by accident, such as specified in section thirty-one (§ 40-

1303), he shall be entitled to compensation for the subsequent injury in the same amount as if the previous injury had not occurred."

Appellant's contention is based on the rule *"Expressio unius est exclusio alterius."* In discussing this rule in 50 Am. Jur. 238, § 244, it is stated:

"As exceptions in a statute strengthen the force of the law in cases not excepted, so enumerations weaken it in cases not enumerated. Indeed, it is a general principle of interpretation that the mention of one thing implies the exclusion of another; *expressio unius est exclusio alterius.* The rule applies even though there are no negative words excluding the things not mentioned. Thus, a statute that directs a thing to be done in a particular manner, or by certain persons or entities, ordinarily implies that it shall not be done in any other manner, or by other persons or entities. Similarly, the enumeration of certain purposes for which the acquisition of certain property is authorized has been regarded as exclusive of all other purposes. It has also been held that the fact that a statute giving a right of action explicitly provides that certain matters shall constitute defenses is indicative of a legislative intent to exclude other defenses."

It is appellant's theory that because § 33, *supra,* refers exclusively to injuries in different employments, in the event the first and subsequent injuries were received in the same employment the Legislature did not intend that he might or could receive the full amount provided in said § 31, *supra,* for the subsequent injury.

In our opinion there might be merit to this contention if it were not for the provision of § 35 of the Act (§ 40-1307, Burns' 1940 Replacement), which provides as follows:

"If an employee receives a permanent injury such as specified in section thirty-one (§ 40-1303), after having sustained another permanent injury in

the same employment he shall be entitled to compensation for both injuries but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation.

"When the previous and subsequent permanent injuries result in total permanent disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due."

Appellant contends this section applies only to cases where the two injuries occur so near to each other in point of time as that the two impairment rights would be available to the employee at the same time for the two injuries. We do not agree with this construction. In the case of *Hollerback* v. *Blackfoot Coal Corporation* (1943), 113 Ind. App. 614, 620, this court, in construing this section, held that if an employee had received injuries in one accident resulting in total permanent disability and returned to the same employment and received another permanent injury in another accident, he would be entitled to compensation for the injuries suffered in the last accident. We believe this construction is in harmony with the legislative intent. The language used in this section here considered is quite different than that used in § 33, *supra*. Section 35 provides in the event that an employee sustains two injuries such as referred to in § 31, *supra,* while in the same employment, he shall receive compensation for both injuries. There is no direction as to the amount of compensation to be paid in this section, while in § 33 relating to such injuries in different employments, there is a positive mandate that the employee shall receive for the last injury the same amount provided by § 31. In our opinion the Legislature, in enacting § 35, evinced its intent to leave as a question of fact to be determined by the Industrial Board within the limits provided by § 31, the amount of

compensation an employee who sustained more than one such injury should receive. This is the effect of the holding of this court in the case of *Princeton Mining Company* v. *Early* (1944), 114 Ind. App. 343, 51 N. E. (2d) 382.

If it had been the legislative intent to require in all cases the deduction of the amount received for the first injury from the amount payable for the second injury, such intent would have been expressed in positive unequivocal language such as used in the second paragraph of § 35, *supra,* where both injuries result in total permanent disability.

The record in this case discloses that appellee in the first accident as a result of an infection had to have the third finger of his right hand amputated. From the time of the removal of this finger until the accident in 1942, or for a period of approximately five years, appellee did the same kind of work, received the same rate of pay and was able to do his day's work in the mine just as well as he did before the accident.

The Industrial Board found that on August 18, 1942, the date of the last injury, appellee had a "good industrial" right hand. We regard a good industrial hand to be one which despite some impairment is capable of performing the duties of the employee's vocation as efficiently as it can be performed by the average person who is not handicapped by such impairment. Where there is an injury to what was a 100% good industrial hand prior to the last injury, the employee is entitled to compensation provided for by said act as though there had been no previous injury. *Hollerback* v. *Blackfoot Coal Corporation, supra; The Mark Manufacturing Co.* v. *Industrial Commission et al.* (1919), 286 Ill. 620, 122 N. E. 84; *Chicago Bridge and Iron Co.* v. *Industrial Commission* (1925), 316 Ill. 622,

147 N. E. 375; *Constantin Refining Co.* v. *Crockett* (1922), 87 Okla. 24, 208 P. 788; *Leach* v. *Grangeville Highway District* (1935), 55 Idaho 307, 41 P. (2d) 618; *Hartford Accident & Indemnity Co.* v. *Leigh* (1933), Court of Civil Appeals of Texas, 57 S. W. (2d) 605.

For the reasons herein set out the award of the Industrial Board is affirmed with the usual penalty.

NOTE.—Reported in 58 N. E. (2d) 944.