# Richmond

ABBITT JENNINGS MORRIS v. PULASKI VENEER CORPORATION, EMPLOYER, AND ANOTHER.

October 8, 1945.

Record No. 3029.

Present, All the Justices.

The opinion states the case.

*Crowell, Deeds & Sutherland*, for the appellant.

*Fred B. Gentry*, for the appellees.

HOLT, J., delivered the opinion of the court.

On the 29th of January, 1935, petitioner, A. J. Morris, while working for the Pulaski Veneer Corporation, sustained an accident which resulted in the loss of his left hand just above the wrist. He sought compensation and was awarded by the Industrial Commission $7.77 a week for 150 weeks, in amount $1,165.50, on account of specific disability for the loss of the hand.

On the 12th day of January, 1944, this same petitioner, A. J. Morris, working for the same employer, suffered another accident which resulted in the loss of the first, second, third and fourth fingers of his right hand and a portion of its palm. His claim was that by reason of this second accident he labored under permanent total disability and as

such was entitled to that compensation provided for by statute. This claim was sustained and the cause remanded. *Morris* v. *Pulaski Veneer Corp.*, 183 Va. 748, 33 S. E. (2d) 190.

Upon rehearing the full Industrial Commission entered this order:

"In accordance with the report heretofore filed, the compensation rate, insofar as the last accident is concerned and so determined by the Hearing Commissioner will be $14.90 per week. Therefore, this person will be entitled, if the full three hundred and fifty weeks is paid at the rate of $14.90 per week, to the sum of $5,215.00.

"The full Commission approves the Findings of Fact and Conclusions of Law of Nickels, Commissioner, and directs that the payment of $14.90 per week be made and continued through the three hundred and fifty weeks. This opinion carries out the views expressed in Section 36 of the Workmen's Compensation Act and it further carries out the rulings of all States in the Union which have compensation laws, that compensation is based upon the principle of weekly benefits, rather than upon the total amount paid."

Error was assigned for these reasons:

"The Industrial Commission erred in its decision and award of May 25, 1945, in deducting the one hundred and fifty (150) weeks for which the claimant was paid at the time of his first injury rather than deducting the gross sum of one thousand, one hundred and sixty-five dollars and fifty cents ($1,165.50) for which he was paid as a result of this first injury and that the decision of the Industrial Commission is, in this respect, not in conformity with the mandate of the Supreme Court of Appeals of Virginia entered on the 5th day of March, 1945, and the 25th day of April, 1945."

Under this assignment it is charged that the Commission, in error, gave to the insurance carrier credit not for $1,165.50 but for weekly compensations, 150 in number, whose sum chances to be that sum, the Commission being of

opinion that compensation is based upon the principle of weekly benefits rather than upon the total amount paid.

Appellant tells us in detail the net result of these two methods of computation:

"On January 12, 1944, the claimant received an injury that resulted in his total disability. . He had an average weekly wage that would make his compensation amount to seven thousand, four hundred and fifty dollars ($7,450.00), but because of the limitation of section 30 his recovery is cut to seven thousand dollars ($7,000.00). If you deduct from this the sum of one thousand, one hundred and sixty-five dollars and fifty cents ($1,165.50) which he was paid for the first injury you get the sum of five thousand, eight hundred and thirty-four dollars and fifty cents ($5,834.50) and if this amount is paid to him now he will receive as the result of the two injuries which resulted in that total disability only the sum of seven thousand dollars ($7,000.00) which is the amount to which he is entitled under section 30. If you deduct one hundred and fifty (150) weeks for which he was paid for the first injury and now only pay him for three hundred and fifty (350) weeks as the Industrial Commission has held, then he receives for the second injury the sum of five thousand, two hundred and fifteen dollars ($5,215.00) which added to the one thousand, one hundred and sixty-five dollars and fifty cents ($1,165.50) which he received for the first injury amounts to the total of six thousand, three hundred and eighty dollars and fifty cents ($6,380.50) that he receives for his total disability which is six hundred and nineteen dollars and fifty cents ($619.50) short of the seven thousand dollars ($7,000.00) to which he is entitled for this total disability under section 30 when calculated upon the average weekly wage which he was being paid at the time he received the injury resulting in his total disability."

Had the loss of the use of both hands occurred in one accident, there could be no question as to the quantum of recovery. Petitioner would take the maximum allowance of

$7,000, which would be $450 less than what he would recover if given $14.90 for 500 weeks.

In a second accident petitioner was permanently and totally disabled. By section 30 of the Workmen's Compensation Act his measure of compensation is based upon his average weekly wage in weekly payments not to exceed 500 in number nor to exceed $7,000 in amount.

By section 36 of said act when it appears that one has sustained another and a permanent injury in the same employment he is given weekly compensation for both injuries, those compensations not to exceed 500 in number, but payments made for the previous injury shall be deducted from the total payment of compensation. It is not in conflict with section 30. It is merely supplementary to it and must be read in connection therewith. The first paragraph of this section reaffirms the limitation on the number of weeks. The second paragraph merely provides for the deduction of compensation paid for a previous injury so as not to exceed the limitation of $7,000. It does not authorize the payment of $7,000 for total disability where one's average weekly rate for five hundred payments will not amount to that sum. It reaffirms compensation for total disability as provided in section 30; but that total disability rate is fixed by his earning at the time of the total injury. In this case, the workman's weekly rate was $14.90 for permanent total disability. He can receive, under provisions of section 30 and the first paragraph of section 36, payment only for three hundred and fifty weeks, having already previously received payment for one hundred and fifty weeks. Therefore, he is entitled to only $14.90 for three hundred and fifty weeks. If he is paid any more, it will be equivalent to paying him a larger sum than his average weekly rate entitles him to; or it will amount to paying him for more than 500 weeks.

The method of calculation contended for by petitioner might at times work injustice to workmen. It often happens that one who loses a limb and is reemployed receives a lower wage. Suppose in this case Morris at the

time of the first accident had been paid a prevailing rate whose maximum was $18.00 a week. He would have received for the first accident $2,700. Suppose the prevailing rate at the time of the second accident had been $10.00 a week; 500 weeks at $10.00 a week would have given him $5,000, and so he would then receive only $2,300 for the second accident. On the other hand if the number of weeks computation were used, he would receive for the three hundred and fifty weeks $3,500. The average weekly wage at the time of the accidents is in the main the fairer test. It was never intended to give to one in any event $7,000 merely because he was totally disabled without regard to weekly compensations theretofore paid to him working for the same employer by the same insurance carrier. That carrier cannot be required to pay for more than 500 weeks of disability.

Section 30 of the Workmen's Compensation Act measures the compensation for total disability. It is a weekly compensation measured by average weekly wages. The period covered by such compensation cannot be greater than 500 weeks nor more than $7,000.

The Commission gave the petitioner $14.90 a week for 350 weeks and gave the insurance carrier credit for what it had already paid—$7.77 a week for 150 weeks—as compensation for temporary total disability, in amount $1,165.50, the net result of which is that petitioner gets $6,380.50, which is $619.50 less than the maximum allowance of $7,000 for total disability.

There is no reported case in Virginia which deals with the particular question here presented, though the Commission held that it has followed an established practice. Our Workmen's Compensation Act is substantially a copy of the Indiana Act—certainly section 36 is—from which it follows that we should give and do give weight to the construction of it given by the Indiana courts.

In *In re Swartz*, 77 Ind. App. 277, 133 N. E. 506 (1922), it appears that a workman who was permanently disabled had at the time of his accident an average weekly wage of

$26.88. Section 40 of the Indiana Act provided that total compensation should in no case exceed $5,000 and that the maximum number of weekly allowances was 500 weeks. The Indiana court was asked by the Commission to say "Would an award of 250 weeks compensation be according to law?" The court said:

"It appears that the foregoing facts were certified, and the question based thereon was submitted, in order to have this court determine whether the compensation of the injured employee is limited to a maximum of $2,500 by reason of section 40 of the Workmen's Compensation Act (Acts 1915, p. 404). We are of the opinion that his compensation is not so limited. It is clear to us that the provision of said section, 'that the total compensation payable under this act shall in no case exceed five thousand dollars,' was not intended to serve as a primary basis for the determination of the compensation to be paid under any of the provisions of said Act, but was intended to serve as a limitation only. To hold that it is applicable to a case like the one under consideration would result in making it limit the compensation of employees in many instances, whose compensation falls short of the maximum specified. If it be said that to so hold will result in some instances in inequalities of compensation in cases of total permanent impairment, and permanent partial impairment, our answer is that this is a matter of legislative rather than judicial consideration."

This subject came under discussion in *Hollerback* v. *Blackfoot Coal Corp.*, 113 Ind. App. 614, 49 N. E. (2d) 973, where the court, in discussing section 35 of the Indiana Act, said (italics supplied):

"This section deals only with permanent injuries received by an employee at different times in the same employment and specifically provides that he shall receive compensation for both. . When the previous and subsequent injuries result in total permanent disability the employee shall receive compensation for total permanent disability, but payments made for the previous injury shall be deducted from

the total payment of compensation due. Thus, by the express terms of the Act, if an employee should lose the sight of one eye in an accident and receive compensation for 150 weeks therefor, and later return to the same employment and lose the sight of the other eye in another accident, *he would receive for the second injury compensation for 500 weeks, from which would be deducted the 150 weeks previously received.* The fairness of this provision of the statute is apparent, for in the absence of it an employee thus injured in the same employment would receive but 300 weeks compensation, being 150 weeks for the first and an additional 150 weeks for the second. This provision, however, only covers situations where the previous and subsequent permanent injuries combine to result in total permanent disability. For example, should the same employee, having lost the sight of an eye in an accident and received compensation for 150 weeks therefor, later return to the same employment and lose both feet in another accident, he would be entitled to compensation for 500 weeks without any deduction on account of the previous injury, since he has received injuries resulting in total permanent disability in the later accident independent of the former and not as a result of the two."

The order of the Industrial Commission is affirmed.

*Affirmed.*

GREGORY and BROWNING, JJ., dissenting.