## Staunton

WILLIAM BARKER v. APPALACHIAN POWER COMPANY, ET. AL.

September 6, 1968.

Record No. 6834.

Present, All the Justices.

*Ralph E. Boucher* (*Boucher & Boucher*, on brief), for appellant.

*Jackson S. White, Jr.* (*Penn, Stuart & Miller*, on brief), for appellees.

BUCHANAN, J., delivered the opinion of the court.

The issue in this case is on the amount of compensation the appellant, William Barker, is entitled to receive for injuries suffered in his employment by Appalachian Power Company.

The parties have stipulated that the opinion and award of Deputy Commissioner Rushbrooke and the opinion of the full Commission on review, which adopted the findings of fact and conclusions of law of the deputy commissioner, contain a complete and accurate statement of the facts of the case. The facts so stipulated are as follows:

On June 4, 1946, Barker sustained injuries to his left hand and right hand by accident arising out of and in the course of his employment by Appalachian Power Company. He was paid compensation at the then maximum rate of $18 per week on account of total work incapacity from June 12, 1946, through December 24, 1946, under § 65-51 of the Code [then § 1887 (30) of the 1942 Code, Michie]. On December 25, 1946, it was determined that Barker's injuries were permanent and that he had sustained 80% loss of use of his left hand and 65% loss of use of his right hand, and on January 15, 1947, the Commission, pursuant to § 65-53 of the Code [then § 1887 (32) of the 1942 Code], awarded Barker compensation at the rate of $18 per week for 207½ weeks for said injuries.

Following the June 4, 1946, injuries, Barker returned to work for Appalachian and on December 21, 1965, in the same employment, he had an accident arising out of and in the course of his employment which resulted in his total and permanent incapacity for work.

As a result of this 1965 accident Barker was paid compensation on account of total work incapacity from February 27, 1966, through March 20, 1966, or 3 1/7 weeks. On March 21, 1966, Barker returned to work and continued to work until September 28, 1966, at which time his injuries had become progressively worse and it was then determined that he was permanently and totally disabled for any type of employment which he was mentally and physically qualified to perform.

On the basis of these facts and the Commission's construction of the applicable statutes, § 65-51[1] and § 65-57[2] of the Code, the Com-

[1] "§ 65-51. When the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity, a weekly compensation equal to sixty per centum of his average weekly wages, but not more than thirty—* *nine* dollars, nor less than * *fourteen* dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed * *fifteen* thousand *six* hundred dollars." Acts 1964, ch. 94, p. 125.

[2] "§ 65-57. * * If an employee receives a permanent injury as specified in § 65-53, after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding five hundred weeks.

"When the previous and subsequent permanent injuries received in the same employment result in permanent total disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due."

(By Acts 1968, ch. 660, p. 1123, Title 65 of the 1950 Code as amended, containing the Workmen's Compensation Law, was repealed and a new Title numbered 65.1 was

mission entered its award granting to Barker compensation at the rate of $39 per week beginning September 29, 1966, and continuing thereafter for 189.36 weeks, or a total of $7,385.04, "on account of total and permanent work incapacity."

Barker appeals and contends that the award should have been $39 a week for 292½ weeks, amounting to $11,407.50. The difference results from the different methods of calculation.

The Commission held that "since Barker's average weekly wage at the time of accident in 1965 entitled him to the maximum rate of compensation of $39.00 per week, he would reach the maximum monetary amount payable under the Act [then $15,600] at the end of 400 weeks. Thus, 'the total payment of compensation due' as provided for in § 65-57, in the present case would be 400 weeks of compensation at $39.00 per week."

In further explanation of the award on the basis of 400 weeks, the Commission stated in its opinion:

"* * We here hold that the proper application of § 65-57, Code of Virginia, requires that the payments, in weeks, made on account of the permanent partial loss of use sustained to the left and right hand in the accident of June 4, 1946, that is, 207½ weeks, must be deducted from the total number of weeks (400) of compensation to which Barker would be due on account of total disability as a result of the accident of December 21, 1965. Thus, we find that Barker is entitled to compensation on account of the accident of December 21, 1965, for 192.50 weeks at the rate of $39.00 per week. The employer, having already paid 3.14 weeks of compensation under this award, is entitled to a credit for that compensation, leaving 189.36 weeks of compensation due under the award now to be entered."

Section 65-57 (note 2, *supra*) provides that when there have been two injuries as described the employee shall be entitled to compensation for both "but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding five hundred weeks." It further provides that "payments made for the previous injury shall be deducted from the total payment of compensation due."

enacted in its place, to be known as the "Virginia Workmen's Compensation Act." The sections thereof were renumbered from 65.1-1 to 65.1-137, inclusive. Said Act will become effective on the first day of October, 1968.)

The emphasis in the statute would appear to be primarily on the period of payment, and it speaks of "extending the period," but in no case beyond 500 weeks.

*Morris* v. *Pulaski Veneer Corp.*, 184 Va. 424, 35 S.E.2d 342, dealt with the application of § 65-57, referred to therein as § 36 of the Workmen's Compensation Act [Code 1942, § 1887 (36)]. Morris suffered an accident in 1935 for which he was awarded compensation for 150 weeks. In 1944 he suffered a second accident while working for the same employer and made claim for permanent total disability. The Commission awarded him $14.90 per week for 350 weeks. This award was affirmed on appeal by Morris against his contention that it should have been based on the maximum amount payable (then $7,000) less the amount paid for the first accident. In the opinion it was said:

"* * The first paragraph of this section [§ 65-57] reaffirms the limitation on the number of weeks. The second paragraph merely provides for the deduction of compensation paid for a previous injury so as not to exceed the limitation of $7,000. * * It reaffirms compensation for total disability as provided in section 30 [now § 65-51]; but that total disability rate is fixed by his earning at the time of the total injury. In this case, the workman's weekly rate was $14.90 for permanent total disability. He can receive, under provisions of section 30 [now § 65-51] and the first paragraph of section 36 [now § 65-57], payment only for three hundred and fifty weeks, having already previously received payment for one hundred and fifty weeks. Therefore, he is entitled to only $14.90 for three hundred and fifty weeks. If he is paid any more, it will be equivalent to paying him a larger sum than his average weekly rate entitles him to; or it will amount to paying him for more than 500 weeks.

* * *

"Section 30 [now § 65-51] of the Workmen's Compensation Act measures the compensation for total disability. It is a weekly compensation measured by average weekly wages. The period covered by such compensation cannot be greater than 500 weeks nor more than $7,000." 184 Va. at 428-29, 35 S.E.2d at 343-44.

The opinion, after stating that Indiana cases are to be given weight because the Virginia Act was substantially the same as Indiana's,

quoted from *Hollerback* v. *Blackfoot Coal Corp.*, 113 Ind. App. 614, 618, 49 N.E.2d 973, 974, in part as follows:

" '* * Thus, by the express terms of the Act, if an employee should lose the sight of one eye in an accident and receive compensation for 150 weeks therefor, and later return to the same employment and lose the sight of the other eye in another accident, *he would receive for the second injury compensation for 500 weeks, from which would be deducted the 150 weeks previously received.*' * * " Italics added in 184 Va. at 431, 35 S.E.2d at 344.

In the present case the Commission applied the correct principle in basing its award on the number of previous weekly payments, but erred in using 400 weeks as the number of weeks for which Barker was entitled to compensation.

The limit of time fixed by the statute, § 65-57, is 500 weeks, and the limit of amount in 1965 was $15,600. As shown by the record, the award of $18 per week for the first accident was paid for 207½ weeks, amounting to $3,735. Subtracting the 207½ weeks from the 500 weeks, the maximum time fixed by the statute, leaves 292½ weeks, for which Barker is entitled to be paid for his permanent total disability following the 1965 accident. This number of weeks at $39 a week amounts to $11,407.50. This sum added to the $3,735 paid for the 1946 accident makes a total payment of $15,142.50, which is within the $15,600 monetary limit, as well as within the 500 weeks time limit, fixed by the statute.

We have said many times that the Workmen's Compensation Act is highly remedial and should be liberally construed in favor of the workman. *Gobble* v. *Clinch Valley Lbr. Co.*, 141 Va. 303, 305, 127 S.E. 175, 176; *Fauver* v. *Bell*, 192 Va. 518, 522, 65 S.E.2d 575, 577. The foregoing method of calculation, in the absence of a specific method provided by the statute, we consider to be in keeping with this established rule.

Accordingly we reverse the award of the Commission and remand the case with direction to enter an award to Barker at the rate of $39 a week for 289.36 weeks (being 292½ weeks less the 3.14 weeks which the Commission found that Appalachian had already paid under its award and for which it was entitled to credit).

*Reversed and remanded.*