# CIRCUIT COURT OF THE CITY OF RICHMOND

Hazlewood et al.

v.

J. Bruce Mabe
and Richmond Newspapers

July 8, 1991

Case No. LT-284

By JUDGE T. J. MARKOW

This matter is before the court on the demurrer of Richmond Newspapers, Inc. The grounds on which it relies are (1) that the plaintiffs' sole remedy for all three counts of the motion for judgment is the Virginia Workers' Compensation Act (the Act) and (2) that the plaintiffs have failed to allege facts to support Count III (Intentional Infliction of Emotional Distress) indicating extreme emotional distress which is so severe that no reasonable person could be expected to endure it.

Also for consideration is the demurrer of the defendant, J. Bruce Mabe. His grounds are (1) that the plaintiffs failed to allege exhaustion of the remedies afforded them by their unions prior to seeking relief in court and (2) that Counts I and III do not set forth conduct so severe that a reasonable person could not be expected to endure it.

## Facts

The plaintiffs allege, and for purposes of the demurrers, it is taken as true, *Fox v. Curtis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988), that on various occasions during the course of their employment with Richmond Newspapers, the defendant, Mabe, "made undesirable, sexually suggestive physical contact with [them]; namely, in the form of pinching, grabbing, and/or fondling the plaintiff's posterior or genitals, in a sexually suggestive manner." Mabe is an Assistant Night Foreman for Richmond Newspapers. The plaintiffs allege having reported to supervisory personnel complaints about the sexually harassing conduct, with no action taken by Richmond Newspapers to correct the situation.

The plaintiffs have brought claims based on theories of battery, negligent hiring and retention, and intentional infliction of emotional distress.

## Richmond Newspapers, Inc., Demurrer

The court will take up the demurrer of the Richmond Newspaper first.

Richmond Newspapers asserts that this court has no jurisdiction over the subject matter since the injuries arose out of and in the course of the employment, limiting the plaintiffs to claims under the Workers' Compensation Act as their exclusive remedies.

Public policy has been identified to be the liberal construction of the Act in favor of covering workers so to achieve its beneficent purposes. *See, e.g., Barker v. Appalachian Power Co.*, 209 Va. 162, 163 S.E.2d 311 (1968). But this sword, like most, cuts two ways. While many plaintiffs wish to be within the protection and advantages the Act offers, such as lowered evidentiary standards, inability of employers to assert certain defenses, or avoidance of personal injury litigation, other plaintiffs wish to be able to sue at common law. They may have injuries which would yield little or nothing in terms of workers' compensation payments for direct damages of medical bills and lost wages but would offer a promise of recovery for such consequential damages as pain and suffering from a tort claim. The case at bar is such a circumstance,

where the plaintiffs prefer to have their claims construed as not protected by the Act.

Once the requirements of the Act are determined to be present, the court has no discretion, regardless of the wishes of the plaintiff, whether to exercise jurisdiction. If the plaintiff suffered (1) an accident, resulting in (2) injury, (3) arising out of (4) the course of (5) employment, then the Act applies to the employee's claim. *Snead v. Harbaugh*, 241 Va. 524, 404 S.E.2d 53 (1991). The only exception is set forth in § 65.1-23.1, which provides:

> A. Any employee who, in the course of employment, is sexually assaulted, as defined in §§ 18.2-61, 18.2-67.1, 18.2-67.3, or 18.2-67.4 and promptly reports the assault to the appropriate law enforcement authority, where the nature of such employment substantially increases the risk of such assault, upon a proper showing of damages compensable under this title, shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workers' compensation benefits.
> B. Notwithstanding the provisions of this Act, an employee who is sexually assaulted and can identify the attacker may elect to pursue an action-at-law against the attacker, even if the attacker is the assaulted employee's employer or co-employee, for full damages resulting from such assault in lieu of pursuing benefits under this Act, and upon repayment of any benefits received under the Act.

Va. Code Ann. § 65.1-23.1 (Cum. Supp. 1990). This provides employees who fall within its provisions the option to choose a claim under the Act or common law remedies. The plaintiffs assert that they fall within this exception and thus may choose to bring an action-at-law. Richmond Newspapers argue that they do not and are limited to a claim under the Act. It is not necessary for the court to reach this question, however, as it finds that the harassment of the plaintiffs does not meet the criteria of the Act because the element of "arising out of" the employment is not present in these circumstances.

This case is controlled by *City of Richmond v. Braxton*, 230 Va. 161, 335 S.E.2d 259 (1985), which determined that when a ticket-seller at the Mosque, a city-owned theatre, was molested by her immediate supervisor at the place of and during the hours of employment, the "accident" did not arise out of the employment. The court found no causal connection between the injury and the employment, finding that the employee would have been equally exposed to the risk of the hazard of being molested outside of work. Quoting *Bradshaw v. Aronovitch*, 170 Va. 329, 196 S.E. 684 (1938), the court said "[i]t is not sufficient to find that the employment is what brought the parties into close proximity . . . there must be a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.* at 164, 335 S.E.2d at 261-62. There are no allegations here which indicate anything about the nature of the work at Richmond Newspapers which would place the plaintiffs at more heightened risk of sexual assault than they would find elsewhere, therefore, the injury did not arise out of the employment and is not compensable under the Act. The assaults here, as in *Braxton* and in *Reamer v. National Services Industries*, 237 Va. 466, 377 S.E.2d 627 (1989), were personal to the employee, not directed against them because of the employment. The demurrer is overruled as to the lack of jurisdiction of this court.

The demurrer is sustained as to the Count III, in which the plaintiffs claim intentional infliction of emotional distress. In the recent case of *Russo v. White*, 241 Va. 23, 400 S.E.2d 160 (1991), the court reiterated the four-pronged test for a claim for emotional distress set forth in *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974). The defendant here challenges only that the plaintiffs have failed to plead sufficient facts to support the fourth prong, that the distress is severe. It does not challenge sufficient pleading for the first three prongs, which are (1) that the conduct is intentional or reckless, (2) that the conduct is outrageous and intolerable, and (3) that the wrongful conduct and emotional distress are causally connected, so we will assume, without finding it so, that the conduct rose to the required level to state a cause of action as to the first three prongs.

In *Russo* the court pointed out that, unlike negligence which may be pleaded without specificity, this claim requires allegations of all facts necessary to establish the cause of action. *Id.* at 28. Although Ms. Russo alleged that "she was nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work," the court found that hers was "not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it." *Id.* at 28.

Here the plaintiffs have alleged much more generally that the conduct "has detrimentally affected their psychological well-being and has consequently interfered with their ability to adequately perform their duties in the work place" (Motion for Judgment, paragraph 12), and that "the plaintiffs have each suffered tremendous emotional distress, both at the work place and intruding on their home lives." (Motion for Judgment, paragraph 30). The *Russo* court suggested in dictum some allegations which might show severe distress, such as objective physical injury, seeking medical treatment, home or hospital confinement, or lost wages. *Id.* Neither those nor other allegations of like severity have been alleged by the plaintiffs here, which necessitates that the demurrer be sustained, as the fourth prong of the cause of action has not been demonstrated in the Motion for Judgment.

### Demurrer of J. Bruce Mabe

Had the court sustained the jurisdictional plea of the Richmond Newspapers, the action against Mabe, as a fellow employee, would also have been barred. *Brown v. Reed*, 209 Va. 562, 165 S.E.2d 394 (1960). However, as the court found that the injury did not arise out of the employment of the plaintiffs, the demurrer was overruled, so the plaintiffs are not prevented by the Workers' Compensation Act from proceeding against Mabe.

Mabe argues that the plaintiffs must exhaust their remedies under the constitution and bylaws of their unions before they may resort to the courts of law. However, it is a basic rule that a demurrer cannot be founded on defects which are not apparent on the face of the pleadings. 6A M.J. *Demurrers* § 8 (1991). At this point, only the

Motion for Judgment and its allegations are before the court. It does not allege that the plaintiffs are members of any unions or that there is any provision for redress of the plaintiffs' injuries by internal procedures. Therefore, the court must overrule Mabe's demurrer as to the necessity for the plaintiffs first to resort to union remedies.

The demurrer of Mabe is sustained as to Count III for the intentional infliction of emotional distress for the reasons set forth in discussing the Richmond Newspapers demurrer on the issue.

The demurrer is overruled as to Count I as it is grounded on the theory of battery. The emotional distress referred to in Count I is that which occurred as damages as a result of the battery; it is not a separate cause of action.

## Conclusion

In summation, the demurrers of both defendants are sustained as to Count III and overruled as to Counts I and II.